UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MARLINE RIVERA, et al.,
Plaintiffs,

v.

Civil No. 98-1761 (HL)

MUNICIPALITY OF TRUJILLO ALTO,
et al.,
Defendants.

## OPINION AND ORDER

Plaintiffs bring suit under 42 U.S.C. § 1983 for discrimination on the basis of their political affiliation in violation of their First Amendment rights. See U.S. CONST. amend. I & XIV. Plaintiffs include claims under Puerto Rico law, namely, P.R. LAWS ANN. tit. 31, § 5141 (1991) ("Article 1802"); in so doing, Plaintiffs invoke this Court's supplemental jurisdiction. See 28 U.S.C.A. § 1367 (West 1993).

Defendant Nilsa Bonilla Santiago ("Bonilla") has filed a Motion to Dismiss, Dkt. No. 16; Defendants have filed their Opposition, Dkt. No. 17; and Bonilla has filed a Reply, Dkt. No. 18. For reasons that follow, Bonilla's Motion to Dismiss is moot.

Defendants Municipality of Trujillo Alto ("Trujillo Alto") and Brunilda Soto Echevarria ("Soto") have filed a Motion for Summary Judgment, Dkt. No. 35. Plaintiffs have filed their Opposition, Dkt. No. 45. For reasons that follow, the Court denies Defendants' Motion for Summary Judgment.

Finally, Bonilla has filed a Motion for Summary Judgment, Dkt. No. 37, and a Motion to Join, Dkt. No. 38. For reasons that follow, the Court grants Bonilla's Motion




AO 72A
(Rev.8/82)

Civil No. 98-1761 (HL)                                           2

for Summary Judgment.

### Standard for Summary Judgment

The Court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining if a material fact is "genuine," the Court does not weigh the facts but, instead, ascertains whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995). Of course, the Court draws inferences and evaluates facts "in the light most favorable to the nonmoving party." *Leary*, 58 F.3d at 751 (1995).

### Statement of Facts

Taken in the light most favorable to Plaintiffs, the facts of this case are as follows. The Plaintiffs served the Consortium of the Municipalities of Carolina and Trujillo Alto ("Consortium") in various roles. Each of them worked under a one-year-long contract of employment at the Local Office of the Consortium in Trujillo Alto. Plaintiff Marline Rivera Colon ("Rivera") worked as the "Secretary of the Director's Office." Plaintiff Blanca Sol Rivera Marrero was a "receptionist." Plaintiff Ada Hernandez Montserrate worked as a "Referral/Selection Officer." Plaintiff Daisy Payan Zayas was a "counselor."

AO 72A
(Rev.8/82)

Civil No. 98-1761 (HL)                              3

Plaintiff Denisse Hernandez Diaz served as a "data entry clerk." Finally, Plaintiff Yamira Viera Viera worked as a "data reviewer."

Plaintiffs, all of whom were loyal to the Popular Democratic Party ("PDP"), claim that their contracts were not renewed by the Consortium because of their political affiliation. In November of 1996, Trujillo Alto elected a new mayor. This new mayor, Defendant Soto, was aligned with the New Progressive Party ("NPP"). Upon taking office, Soto appointed Defendant Bonilla as Director of the Consortium's Trujillo Alto office. Eventually, on June 30, 1997, Plaintiffs' contracts expired, and they were informed that their contracts would not be renewed. This suit followed on June 30, 1998.

## Discussion

### 1. First Amendment Claim

In Plaintiffs' complaint, Dkt. No. 1, they identify two causes of action based on federal law. The Court, however, shall treat these two claims as one. The two claims are simply differently-worded versions of a claim for political discrimination. See U.S. CONST. amend. I & XIV.

The First Amendment protects government employees in non-policymaking positions from discrimination based on their political affiliation. *Larou v. Ridlon*, 98 F.3d 659, 661 (1st Cir. 1996). Non-policymaking government employees who allege political discrimination have a threshold burden to produce evidence sufficient to allow a rational jury to find that their "political affiliation was a substantial or motivating factor behind the

Civil No. 98-1761 (HL) 4

adverse employment action" taken against them. *Baez-Cruz v. Municipality of Comerio*, 140 F.3d 24, 28 (1st Cir. 1998); *Rodriguez-Rios v. Cordero*, 138 F.3d 22, 24 (1st Cir. 1998).

The Court shall address Plaintiffs' claims of political discrimination against each Defendant in turn. First, as regards Defendant Bonilla, Plaintiffs' claim can not stand. In the context of a constitutional tort under § 1983, as with any tort, a plaintiff must show not only that he was harmed but also that the defendant proximately caused his harm. *Monroe v. Pape*, 365 U.S. 167, 187 (1961) (holding that § 1983 "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions"); *Scott-Harris v. City of Fall River*, 134 F.3d 427, 441 (1st Cir. 1997) (setting forth the standard for causation as that of "proximate cause"), *rev'd on other grounds*, *Bogan v. Scott-Harris*, 523 U.S. 44 (1998); *Wagenmann v. Adams*, 829 F.2d 196, 212 (1st Cir. 1987) (holding that evidence in § 1983 suit was sufficient for jury to find that the defendant "proximately caused" the harm at issue).

In the instant case, Defendant Bonilla's Motion for Summary Judgment, Dkt. No. 37, points out that Bonilla had no authority to hire or fire employees on behalf of the Consortium. In spite of the fact that Plaintiffs include in their Statement of Material Facts in Controversy, Dkt. No. 45, that Bonilla may have played a role in Plaintiffs' contracts' non-renewal, Plaintiffs put forward no evidence whatsoever in support of this assertion.

Bonilla, on the other hand, offers documentary evidence of her lack of authority over these matters. She submits a copy of the October, 1990 agreement between the

Civil No. 98-1761 (HL) 5

mayors of Carolina and Trujillo Alto constituting the Consortium. See Dkt. No. 37. This agreement states at Article VII that "[a]n Executive Director for the staff shall be appointed by the Policy Board Chairperson. *All other Consortium personnel shall be selected by the Executive Director.*" Dkt. No. 37, Exhibit 1 (emphasis added). Bonilla served as the director of the Trujillo Alto office of the Consortium and was herself hired by the Consortium's Executive Director, Xavier Gonzalez. Dkt. No. 37. Because Plaintiffs have failed to create a genuine issue of material fact as to Bonilla's personal involvement in the non-renewal of their contracts, Plaintiffs' federal and local law claims against Bonilla are hereby dismissed with prejudice. Further, the Court declines to rule on Bonilla's now-moot Motion to Dismiss, Dkt. No. 16.

With respect to Plaintiffs' claims against Defendants Soto and Trujillo Alto, Plaintiffs have succeeded in creating a genuine issue of material fact as to whether "political affiliation was a substantial or motivating factor behind the adverse employment action." *Baez-Cruz*, 140 F.3d at 28; *Rodriguez-Rios*, 138 F.3d at 24. As for Defendants' arguments to the contrary, they fail for the following reasons.

First, Defendants argue in their Motion for Summary Judgment that Plaintiff Rivera occupied a trust position at the Consortium. Dkt. No. 35. In other words, they argue that Rivera's position as a secretary is a job for which political affiliation is an appropriate requirement. See *Flynn v. City of Boston*, 140 F.3d 42, 44 (1st Cir. 1998), *cert. denied*, 525 U.S. 961 (1998). For a position to be one for which political affiliation is an appropriate requirement, the position must at least entail some involvement in policy. *Flynn*, 140 F.3d

AO 72A
(Rev.8/82)

Civil No. 98-1761 (HL) 6

at 46. There is no indication from Defendants that Rivera was involved in policy, other than their assertion that Rivera's boss was a policymaker. Dkt. No. 35. This does not meet the law's requirements for showing that Rivera occupied a position of trust.

Second, Defendants argue that Rivera had no property interest in her position. Defendants are confused. Plaintiffs have raised no due process claims. Thus, the question of whether Rivera had a property interest in her job is of no moment.

Third, Defendant Soto argues that she is entitled to qualified immunity on the ground that Rivera's position was one for which political affiliation is an appropriate requirement. The qualified immunity doctrine protects state officials from civil liability under section 1983 so long as their conduct does not violate a clearly established constitutional right of which a reasonable official would have been cognizant. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Ringuette v. City of Fall River*, 146 F.3d 1, 5 (1st Cir. 1998).

As the Court has just made clear, Rivera's position was not a trust position. Further, no reasonable official could have believed that an office secretary with no policy input or implementation responsibilities and making $860.00 per month is in a position of trust. It has long been clearly established that a government employer may not take adverse employment actions against a non-policymaking employee based on that employee's political affiliation. *See Rutan v. Republican Party of Illinois*, 497 U.S. 62, 75-79, 110 S.Ct. 2729, 2737-39, 111 L.Ed.2d 52 (1990); *Acevedo-Diaz v. Aponte*, 1 F.3d 62, 66 (1st Cir. 1993); *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 705-06 (1st

Civil No. 98-1761 (HL) 7

Cir. 1993); *Rivera-Ruiz v. Gonzalez-Rivera*, 983 F.2d 332, 335 (1st Cir. 1993); *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 56-57 (1st Cir. 1990). Thus, Soto is not entitled to qualified immunity.

Fourth, Defendants argue that they are entitled to qualified immunity with respect to the non-renewal of all of Plaintiffs' contracts because Defendants' only motive was to reduce the Consortium's bloated workforce. Dkt. No. 35. This argument, however, presents a factual issue that precludes a finding of qualified immunity at this stage. There is a genuine issue of material fact as to whether a simple workforce reduction was indeed the reason for the non-renewal of Plaintiffs' contracts.

Fifth, Defendants argue that Plaintiffs have failed to create a genuine issue of material fact as to Soto's personal involvement in the non-renewal of Plaintiffs' contracts. To the contrary, the Court finds that Plaintiffs' documentary evidence in the form of certain letters, in combination with other circumstantial evidence, creates a genuine issue of material fact as to Soto's personal involvement.

The Municipality of Trujillo Alto is also a defendant in this case. Municipalities may be held liable for constitutional violations. *Bogan v. Scott-Harris*, 523 U.S. 44, __, 118 S.Ct. 966, 972, 140 L.Ed.2d 79 (1998). Proof that a municipality's authorized decisionmaker has intentionally deprived a plaintiff of constitutional rights will render the municipality liable. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 405, 117 S.Ct. 1382, 1389, 137 L.Ed.2d 626 (1997). The plaintiff must identify a municipal policy or custom that has caused the alleged injury. *Silva v. Worden*, 130 F.3d 26, 30-31 (1st Cir. 1997);

Civil No. 98-1761 (HL)				8

*McCabe v. Life-Line Ambulance Service*, 77 F.3d 540, 544 (1st Cir. 1996), *cert. denied*, 519 U.S. 911 (1996). A municipality may be held liable for acts taken pursuant to a policy when the alleged constitutional violation resulted from the decisions of an official whose acts can be said to be those of the municipality. *Silva*, 130 F.3d at 31. Whether a particular official has final decisionmaking authority is a question of state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 924, 99 L.Ed.2d 107 (1988); *Silva*, 130 F.3d at 31. In Puerto Rico, a mayor's official actions represent a municipality's official policy. 21. L.P.R.A. § 4109 (Supp. 1998). Thus, Plaintiffs' creation of a genuine issue of material fact as to Soto's liability is sufficient to deny Trujillo Alto's Motion for Summary Judgment.

### 3. Article 1802 Claims

Lastly, Defendants challenge Plaintiffs' spouses' claims under Article 1802. Defendants argue that Plaintiffs' spouses do not have standing to bring claims pursuant to section 1983. Plaintiffs' complaint, however, only includes the spouses for purposes of stating a cause of action pursuant to Article 1802 of the Puerto Rico Civil Code. Federal courts have jurisdiction over certain state claims between parties that are litigating matters properly before the federal court. 28 U.S.C.A. § 1367 (West 1993). A federal court has jurisdiction to hear the state claim when the state and federal claims both "derive from a common nucleus of operative fact" and the plaintiff "would ordinarily be expected to try [both claims] in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Rodriguez v. Comas*, 888

AO 72A
(Rev 8/82)

Civil No. 98-1761 (HL)

F.2d 899, 903 (1st Cir. 1989). The district court may decline to exercise jurisdiction over the state claim if (1) it raises a novel issue of state law, (2) the state claim substantially predominates over the federal claim, (3) the district court has dismissed the federal claims, or (4) there are other compelling reasons for declining jurisdiction. 28 U.S.C.A. § 1367(c).

In the case before the Court, the section 1983 claims and the Article 1802 claims arise out of a common nucleus of operative fact. Moreover, the Article 1802 claims do not raise a novel issue of Puerto Rico law and do not substantially predominate over Plaintiffs' allegations of constitutional violations. Accordingly, the Court denies the motion to dismiss the Article 1802 claims.

This Opinion and Order thus leaves intact Plaintiffs' claims against Soto, Trujillo Alto, Xavier Gonzalez Calderon, and the Consortium itself.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 1, 2000.

HECTOR M. LAFFITTE

Chief U.S. District Judge